31 C.C.P.A. (Patents)

## In re HASS et al.

### Patent Appeal No. 4821.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

See, also, 141 F.2d 122; 141 F.2d 127.

Henry C. Parker, of Washington, D. C., (John Boyle, Jr., of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the single claim (claim 1) in appellants' application for a patent for an alleged invention relating to new and useful improvements in "Chloronitroalkane."

The claim is for a nitro-chloro compound. It reads: "1. 1-Chloro-1-nitrobutane."

The references are: Zublin, "Ber. deutsch, chem. Ges.," Vol. 10, p. 2085 (1877); Henry, "Chem. Centralblatt," 1898 1, p. 193; Shaw, "Chem. Centralblatt," 1898 1, p. 439.

The formula for a normal 1-chloro-1-nitrobutane is:

$$CH_3 - CH_2 - CH_2 - CH\begin{smallmatrix} \diagup NO_2 \\ \diagdown Cl \end{smallmatrix}$$

There is some controversy as to the scope of the appealed claim.

It was the view of the tribunals of the Patent Office that the term "butane" is, as stated by the Primary Examiner, "considered generic to both isomers normal and iso," and that the claim reads on the disclosure in the Shaw reference of "1-chloro-1-nitro derivative of isobutane" having the formula

$$\begin{smallmatrix} CH_3 \\ \diagdown \\ CH_3 \end{smallmatrix} CH - CH \begin{smallmatrix} \diagup NO_2 \\ \diagdown Cl \end{smallmatrix}$$

In his statement to the Board of Appeals, the Primary Examiner stated that if appellants' alleged invention was intended to be limited to the normal 1-chloro-1-

nitrobutane the claim should be amended to read "1-chloro-1-nitro-n-butane."

Counsel for appellants takes exception to the holdings of the tribunals of the Patent Office as to the scope of the appealed claim, and cites authorities in support of his contention that the claim does not read on the disclosure in the Shaw reference.

Owing to the views we hold as to the other issues in the case, the question of the breadth of the appealed claim is not of vital importance. Accordingly, that issue need not be discussed.

The tribunals of the Patent Office also concurred in holding that even if it be assumed that the appealed claim covered only the normal 1-chloro-1-nitrobutane it was not patentable over the isomer of that compound, which was disclosed in the Shaw reference.

The claim was also held to be unpatentable in view of the Henry reference which discloses the chemical compound "1 chlornitripropane," the formula for which, as stated by the Primary Examiner, is:

$$CH_3 - CH_2 - CH \underset{Cl}{\overset{NO_2}{<}}$$

That that compound is an adjacent lower homologue to the compound covered by the appealed claim is not questioned.

The claim was also rejected by the tribunals of the Patent Office in view of the Zublin reference, which discloses, according to the Primary Examiner, "1-bromo-1-nitro-butane," the formula for which is:

$$CH_3 - CH_2 - CH_2 - CH \underset{Br}{\overset{NO_2}{<}}$$

The Primary Examiner stated that the compound disclosed in the Zublin reference differed from the compound of the claim on appeal "in that the halogen substituent is bromine, rather than chlorine. Bromine and chlorine are members of the same family and as a general proposition, compounds otherwise similar and differing only with respect to the halogen substituent are closely related in properties," and that "It is not shown that the instant case is an exception." The examiner further stated, in which statement the Board of Appeals concurred, that "ordinarily a compound is not patentable over its isomer or over its next adjacent homologue. Organic chemistry is a systematic science, and it is well recognized that in a series of organic chemical compounds the properties of the individual members change by degrees in ascending or descending the series, or in passing from one form to a structural isomeric form. The Examiner recognizes that in certain instances, where the difference in properties is unexpected, the new isomer or new homologue may be patentable; but applicants have demonstrated no reason for excepting the instant case from the operation of the general rule."

Subsequent to the examiner's statement to the Board of Appeals, appellants filed an affidavit of one Arthur W. Campbell, a chemist employed in the Chemical Research Department of Commercial Solvents Corporation, wherein it is stated that the affiant was engaged in rubber research including "the compounding of rubber, rubber cement formulation, and various" processes "for the treatment of latex"; and that the affiant discovered the compound 1-chloro-1-nitrobutane, the compound of the appealed claim, "to possess valuable properties both as a heat-sensitizing agent for latex, and as a gel inhibitor for heat-vulcanizing rubber cements." Certain experiments performed by the affiant, and the results obtained therefrom, are also set forth in the affidavit.

Thereafter, the case was remanded to the examiner for further consideration.

In his supplemental statement to the board, the examiner stated that the appealed claim "relates to a single compound 1 chloro-1-nitrobutane"; that the compound of the appealed claim was not patentable over the related compounds hereinbefore referred to, due to the absence of properties or qualities distinguishing it from the class to which it belongs; and that, although the affidavit purports to show that the claimed compound possessed utility, the claim was not rejected for lack of utility.

The Board of Appeals concurred in the views expressed by the Primary Examiner in his original statement.

No reference is made in the board's decision to the affidavit of record, or to the examiner's statement with regard thereto.

No question is raised here as to the disclosures in the references, or as to their relationship to the compound of the ap-

132

pealed claim, except as to the scope of the claim, as hereinbefore stated.

It is contended here by counsel for appellants, as it was in the cases of In re Henry B. Hass and Alfred G. Susie (Patent Appeal No. 4819), 31 C. C. P. A. (Patents) ——, 141 F.2d 122, and In re Henry B. Hass and Alfred G. Susie (Patent Appeal No. 4820), 31 C. C. P. A. (Patents)· ——, 141 F.2d 127 (companion appeals, decided concurrently herewith), that novelty alone is sufficient to lend patentability to claims for new chemical compounds, and it is stated in the brief of counsel that decisions of the tribunals of the Patent Office requiring an applicant for a patent for a new chemical compound or for a novel series of chemical compounds to prove that such compounds possess some unexpected properties or utility not possessed by prior art isomers or prior art adjacent homologues are unfair. As an example of such unfairness, counsel states that, subsequent to the filing of the application in the instant case, appellants discovered that, in addition to being useful as an organic solvent and as a valuable intermediate for use in organic synthesis as stated in their application, the claimed compound also had utility as a heat-sensitizing agent for latex and as an anti-gelling agent for latex as appears from the affidavit of record.

It is stated in appellants' application that the compound of the appealed claim is useful as an organic solvent and as a valuable intermediate for use in organic synthesis; that "Other uses of this compound will be apparent to those skilled in the art"; that the data disclosed in the application "were obtained from a single preparation" of the claimed compound; and that appellants do not wish to limit their application "to a compound having the exact properties listed."

With regard to the facts set forth in the affidavit, and the claims of counsel for appellants relative thereto, it is sufficient to say that there is nothing of record to indicate that the prior art compounds do not possess the same properties as the compound here involved, or that they would not be useful for the same purposes as the involved compound.

Appellants having failed to establish that the involved compound has any unexpected or unobvious beneficial properties not possessed by the homologous compound disclosed in the Henry reference, we are of opinion, for the reasons stated in our de-

cisions in the Hass and Susie cases, supra, that, on the record presented, the appealed claim was properly rejected by the tribunals of the Patent Office. It is unnecessary, therefore, that we discuss the closely related compounds disclosed in the Zublin and Shaw references.

The decision of the Board of Appeals is affirmed.

Affirmed.